CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
MAR 15 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| RONALD GREGORY TWITTY, | Civil Action No. 7:11-cv-00110 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| DR. UZMA ALI, | By: Hon. James C. Turk |
| Defendant. | Senior United States District Judge |

Ronald Gregory Twitty, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as the sole defendant Dr. Uzma Ali, a medical provider at a jail. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915, because plaintiff did not pay the filing fee and submitted financial documents to support a request for leave to proceed in forma pauperis. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his verified complaint. Dr. Ali denied plaintiff medical treatment that his medical records indicated he needed. Dr. Ali maliciously allowed plaintiff to experience pain and suffering. Although plaintiff is a chronic care patient, Dr. Ali discriminated against him because he is an inmate. Plaintiff requests $1,000,000 and Dr. Ali's license to be revoked.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims

based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.

1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, plaintiff's complaint is devoid of any factual basis to notify the defendant of the alleged acts, and the complaint's mere conclusions and legal buzzwords are not entitled to an assumption of truth. Therefore, plaintiff's present complaint is inadequate to state a claim upon which relief may be granted, and it is dismissed without prejudice.

### III.

For the foregoing reasons, the court grants plaintiff leave to proceed in forma pauperis and dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted. Plaintiff may refile his claims at the time of his choice.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 15th day of March, 2011.

_____
Senior United States District Judge